EASTERN STATES PETROLEUM &
CHEMICAL CORP., Plaintiff,

v.

Fred A. SEATON, Individually and as
Secretary of the Interior, et al.,
Defendants.

Civ. A. No. 1621-58.

United States District Court
District of Columbia.

July 8, 1958.

Elmer E. Batzell, Washington, D. C.,
for plaintiff.

Oliver Gasch, U. S. Atty., and E. Riley
Casey, Jr., Asst. U. S. Atty., Washington,
D. C., for defendants.

HOLTZOFF, District Judge.

This is an action brought by a corporation engaged in the business of refining crude oil and selling petroleum products, against the Secretary of the Interior, the Secretary of Defense, the Under-Secretary of the Interior, and the Administrator of the Voluntary Oil Import Program of the Department of the Interior. The purpose of this action is to secure a declaratory judgment and a final injunction to declare null, void, and illegal the so-called Voluntary Oil Import Program promulgated by the Government under which, substantially, importations of crude oil into the United States are limited and persons who fail to comply with the limitations are restricted from selling their products to the United States. The matter is before the Court at this time on a motion for preliminary injunction.

The Act of March 3, 1933, 47 Stat. 1520, 41 U.S.C.A., § 10a, popularly known as the Buy American Act, provides in its pertinent portions that unless the head of a Government department concerned shall determine it to be inconsistent with the public interest or the cost to be unreasonable, only such unmanufactured articles, materials, and supplies as have been mined or produced in the United States shall be acquired for public use. There are certain exceptions in the Act, which are not material for the purposes of this discussion.

On March 27, 1958, the President of the United States issued Executive Order

Number 10761, U.S.Code Congressional and Administrative News 1958, No. 5, p. 587, relating to imports of oil into the United States and purchases of oil by the Government. Section 1 of the order defines "complying petroleum product" as crude petroleum of foreign origin or any petroleum products refined in the United States, in whole or in part from crude petroleum of foreign origin, all of which have been or will be imported by a firm which during the period of contract performance and for the three months preceding the month in which a bid is submitted to a Government department or agency has imported crude petroleum in compliance with the Voluntary Oil Import Program.

Section 2 of the order requests the heads of all executive departments and agencies to apply the provisions of the Buy American Act to petroleum products, except under certain circumstances which are not material to this discussion.

Section 3 requires every Government contract for the purchase of imported crude petroleum or petroleum products refined in the United States and derived in whole or in part from imported crude petroleum, to contain the following provision: "The contractor agrees that during the contract period he will comply in all respects with the Voluntary Oil Import Program."

It is urged in behalf of the plaintiff that this Executive Order is illegal and transcends the powers of the President. It must be borne in mind, however, that this Executive Order regulates only Government purchases. It does not seek to limit anyone from importing as much petroleum as he chooses. It merely provides that if a person imports more than provided by the Voluntary Oil Import Program, the surplus that he brings into this country will not be eligible for purchase by the Government.

The Court is of the opinion that there is a dual legal basis for this order. First is the Buy American Act, to which reference has been made, 41 U.S.C.A. § 10a, which expressly requires the Government to buy only such unmanufactured articles, materials, and supplies as have been mined or produced in the United States, subject to certain exceptions not here material. Another legal basis for this order is to be found in the power of the Government to decide what products it will or will not buy for its own use. Ordinarily, the Government, under pertinent statutes, buys supplies from the lowest responsible bidder, but it has a right to reject bids that are not in accordance with the public interest.

It is urged that in the guise of limitations on Government purchases the Government has promulgated a regulatory scheme limiting importations of petroleum, for which there is no statutory basis. The courts, however, may not delve into the mental operations and the ultimate purposes of Government officials. The courts may merely determine whether the Government officials are acting within their statutory authority. The mere fact that the use of a particular authority may achieve some purpose additional to that which appears upon its face, does not necessarily vitiate the exercise of that authority. In fact, sometimes it is beneficent that a secondary object be attained by the legal exercise of Governmental power.

It is manifest too that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq. is not applicable to the Governmental activities culminating in the executive order. The order is merely a direction to Government departments in respect to Government purchases and instructs them not to buy products of certain types. The order is based and justified by the provisions of the Buy American Act, which has already been referred to.

In view of the Court's opinion that the Executive Order of the President and the plan sanctioned by it is valid and is based on proper legal authority, the Court finds it unnecessary to determine whether the plaintiff has a standing to

sue and whether he has an adequate remedy by way of an action for damages.

In the light of these considerations, the motion for a preliminary injunction is denied.